UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **RONALD VOGHT,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3: 06cv0108 AS |
| | ) | |
| **JOHN R. VAN NATTA,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about February 10, 2006, *pro se* petitioner, Ronald Voght, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on August 14, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana.  At the time of the filing of this petition he was incarcerated in the MCF in this district.  He was the subject of a prisoner disciplinary proceeding entitled cause number, which included an earned credit deprivation of 90 days and a demotion from credit class I to credit class II, which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974).  The sanction also included an inter-facility transfer which does not implicate *Wolff*.  *But see Sandin v. Conner*, 515 U.S. 472 (1995).  The underlying proceedings occurred in August 2005, and are

designated as XAF-05-08-25. The Attorney General has placed before this Court a series of documents designated A through I 2, both inclusive, which explicate in great detail the proceedings involved. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).

With all deference, this petitioner is mistaken with regard to his so-called claim regarding the failure of the CAB to permit him to present evidence. That right was acknowledged by this petitioner which is part of the record. *See Mayers v. Anderson*, 93 F.Supp. 2d 962 (N.D. Ind. 2000). This court does not bottom any decision here on harmless error, but the technical violations mentioned here by this petitioner simply do not amount to any violation of the Fourteenth Amendment of the Constitution of the United States. *See Estelle*. *See also Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  September 26, 2006

                                              **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**